UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS JESUS MERCADO ROJAS,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2933

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond. (Pet., ECF No. 1, PageID.5.) In an order entered on October 14, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on October 19, 2026. (Resp., ECF No. 4.) Petitioner filed a reply on October 21, 2026. (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. Op., *Mercado Rojas v. Raycraft et al.* (*Mercado Rojas I*), No. 1:26-cv-294 (W.D. Mich. Feb. 17, 2026), (ECF No. 9). On December 3, 2025, ICE agents arrested Petitioner. (Pet., ECF No. 1, PageID.9.)

On January 27, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Mercado Rojas I*. In *Mercado Rojas I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Mercado Rojas I*, (W.D. Mich. Feb. 17, 2026) (ECF Nos. 9, 10).

On March 2, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Op., *Mercado Rojas v. Raycraft et al.* (*Mercado Rojas II*), No. 1:26-cv-1355 (W.D. Mich. May 13, 2026), (ECF No. 6, PageID.96). Petitioner then filed a second § 2241 petition in this Court, and in *Mercado Rojas II*, the Court found no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing and denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. Op. & Jud., *Mercado Rojas II*, (W.D. Mich. May 13, 2026), (ECF Nos. 6, 7).

Petitioner filed the present petition on October 13, 2026. (ECF No. 1.)

## III. Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on March 2, 2026. The Detroit Immigration Court denied Petitioner's request for a bond due to "Flight. Removal Order Pending appeal." Immigration Judge Order, *Mercado Rojas II*, No. 1:26-cv-1355, (ECF No. 1-1, PageID.30). In his § 2241 petition, Petitioner argues,

*inter alia*, that his prolonged detention without an individualized bond hearing is contrary to law and violates substantive due process. (Pet., ECF No. 1, PageID.14–16.) Respondents argue, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner's claims have been resolved by *Mercado Rojas I* and *Mercado Rojas II* and Petitioner's ongoing detention does not violate due process. (Resp., ECF No. 4, PageID.163–164.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the

petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment and that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[1] Although Petitioner further claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[1] To the extent Petitioner claims in Count II that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, this claim was addressed by the Court's opinion in *Mercado Rojas II*. To the extent Petitioner challenges the validity of his detention in Counts I and III, these claims were resolved by the Court's opinion in *Mercado Rojas I*.